## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-044 (RMC)** |
| | ) | |
| **PAUL M. ADAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING**

Paul Adams, through counsel, respectfully moves this court to suppress physical

evidence, statements, and any other tainted evidentiary "fruits" resulting from the investigation,

searches, and arrest in this case.  Mr. Adams seeks the suppression of evidence in this case

because his rights under the Fourth and Fifth Amendments of the United States Constitution were

violated.  This motion is made pursuant to FED. R. CRIM. P. 12(b)(3), and is supported by the

discussion below.  An evidentiary hearing on this motion is respectfully requested.

**BACKGROUND[1]**

Paul Adams was arrested on January 10, 2006 in connection with the instant case and an

indictment was filed against him on February 16, 2006.  The indictment charges Mr. Adams with

Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable

by Imprisonment for a Term Exceeding One Year (18 U.S.C. § 922(g)(1)); Unlawful Possession

---

[1]The statement of the facts portion of this section is a summary based on the PD 163
provided as discovery in this case.  By including in this motion the facts as alleged by
government witnesses, Mr. Adams is not conceding that these facts are accurate or true.

with Intent to Distribute Phencyclidine (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)); and Using,

Carrying and Possessing a Firearm During a Drug Trafficking Offense (18 U.S.C. § 924(c)(1)).

According to police, on January 10, 2006, law enforcement officers were in the area of

the 1900 block of R Street, S.E., Washington, D.C. for purposes of investigating a drug

complaint.  While in the area, officers observed Mr. Adams walking.  Mr. Adams was stopped by

the officers and the officers allege that a firearm and suspected PCP were recovered from Mr.

Adams's person.  Mr. Adams was arrested and he was transported to a police station.  While at

the station, Mr. Adams made statements which have been recorded on video.

**ARGUMENT**

**I.  THE PHYSICAL EVIDENCE RECOVERED ON JANUARY 10, 2006, MUST BE
SUPPRESSED AS THE TAINTED FRUIT OF AN ILLEGAL SEARCH AND SEIZURE.**

The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in

their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not

be violated . . . ."  The Fourth Amendment's protection against unreasonable searches and

seizures has been construed to require probable cause for warrantless arrests and searches.  Henry

v. United States, 361 U.S. 98, 100-101 (1959).  Probable cause exists when, under the facts and

circumstances of the situation, a person of reasonable prudence would believe that a crime has

been committed or is being committed.  Beck v. Ohio, 379 U.S. 89, 91 (1964).  As stated in

Johnson v. United States, 333 U.S. 10, 13-14 (1948):

> [t]he point of the Fourth Amendment . . . is not that it denies law enforcement the
> support of the usual inferences which reasonable men draw from evidence.  Its
> protection consists in requiring that those inferences be drawn by a neutral and
> detached magistrate instead of being judged by the officer engaged in the often
> competitive enterprise of ferreting out crime.

In the present case, the officers' actions were predicated upon the mere observation of

Mr. Adams walking down a street in an area where they received a complaint about drug related

activity.  Such an observation did not give the police probable cause to stop, search and arrest

Mr. Adams.  Therefore, all of the evidence seized as a result of this illegal search and seizure

must be suppressed.  Wong Sun v. United States, 371 U.S. 471, 484-485 (1963).

**II.  ALL STATEMENTS MADE BY MR. ADAMS ON JANUARY 10, 2006, MUST BE SUPPRESSED BECAUSE THEY WERE INVOLUNTARY AND MADE IN VIOLATION OF MIRANDA.**

The government has alleged that Mr. Adams made a statement subsequent to his arrest.

Before introducing this statement at trial, either in its case-in-chief or as impeachment or rebuttal

evidence, the government bears the burden of proving that the statement was voluntary.  See

Lego v. Twomey, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the

"product of an essentially free and unconstrained choice by its maker."  Culombe v. Connecticut,

367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily

"requires a careful evaluation of all the circumstances of the interrogation."  Mincey v. Arizona,

437 U.S. 385, 402 (1978).  The Court must consider the "totality of the circumstances" in

deciding whether the defendant made his statement voluntarily.  Fikes v. Alabama, 352 U.S. 191

(1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an

accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny

of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the defendant's free will in

relation to his capacity to resist those efforts.  Davis v. North Carolina, 384 U.S. 737 (1966);

Culombe, 367 U.S. at 607.  The Court must examine the defendant's "background, experience,

and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his

statements were the product of a rational intellect and a free will.  Blackburn v. Alabama, 361

U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by Mr.

Adams were made involuntarily and thus must be suppressed under the Fifth Amendment.

Even if the statements were made voluntarily, Miranda requires suppression of Mr.

Adams's statement during the government's case-in-chief because he was not adequately

apprised of his right against self-incrimination prior to undergoing custodial interrogation. See,

e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in

"custody" under Miranda when he "has been . . . deprived of his freedom of action in any

significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody

depends upon "how a reasonable man in the suspect's position would have understood his

situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under

Miranda refers not only to express questioning, but also to any words or actions on the part of the

police (other than those normally attendant to arrest and custody) that the police should know are

reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis,

446 U.S. 291, 301 (1980).

The government bears the heavy burden of establishing that proper Miranda warnings

were given to the defendant and that an intelligent and voluntary waiver of those rights occurred

prior to questioning of the defendant. Miranda, 384 U.S. at 475. As the Court recognized in

Moran v. Burbine, 475 U.S. 412 (1986),

> First, the relinquishment of the right must have been voluntary in the sense that it was the
> product of a free and deliberate choice rather than intimidation, coercion, or deception.
> Second, the waiver must have been made with a full awareness of both the nature of the
> right being abandoned and the consequences of the decision to abandon it. Only if the
> "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice
> and the requisite level of comprehension may a court properly conclude that the *Miranda*
> rights have been waived.

*Id*. at 421.

In this case, the evidence at a hearing will show that any statements made by Mr. Adams were in violation of his <u>Miranda</u> rights.  Accordingly, any statements Mr. Adams made must be suppressed.

Mr. Adams respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500