**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  06-44 |
| | : | |
| | : | Sentencing: November 21, 2006 |
| PAUL ADAMS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**UNITED STATES' MOTION FOR**
**THREE POINT REDUCTION FOR ACCEPTANCE**
**OF RESPONSIBILITY**
**AND MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Three-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing.  In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A.  Factual Summary of Offense

1. On January 10, 2006, at approximately 4:00 p.m., Officers Robert Underwood and Toby Sealey of the Metropolitan Police Department were in the 1900 block of R Street, S.E., Washington, D.C.

2. The officers observed the defendant, who was later identified as Paul M. Adams, in the area of R Street and head towards 19th Street.  The officers observed that the defendant was walking in a manner consistent with someone carrying a firearm.

3. As Officer Underwood exited the police vehicle to make contact with the defendant,

Officer Sealey observed the butt end of a handgun in the defendant's right jacket pocket. Officer Sealey alerted Officer Underwood to this fact and Officer Underwood started to follow the defendant. Upon observing the police, the defendant increased the pace at which he was walking.

    4. After several attempts to get the defendant to stop, the officers made contact with the defendant at the intersection of 19th and R Street. In the course of putting the defendant on the ground, Officer Underwood felt an object in the defendant's hand, which was still inside of the jacket pocket. The object's shape and feel were consistent with that of a handgun. The officers ultimately recovered a 9mm Smith and Wesson semi-automatic handgun from the defendant's right jacket pocket.

    5. After the defendant was arrested, he was searched and a vial containing a liquid with the smell and color of phencyclidine was recovered from the defendant's left front pants pocket. A subsequent DEA analysis determined that the liquid was 21 milliliters of phencyclidine (PCP).

B. <u>Defendant's Acceptance of Responsibility</u>

    6. The defendant expressed an early interest in entering into a plea. Because of the defendant's early acceptance of responsibility, also pursuant to the plea agreement, the United States was able to conserve valuable prosecution resources and the defendant is entitled to a three-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines. Pursuant to the plea agreement, the defendant is reserving his right to appeal the Court's order of July 7, 2006, in which the Court denied the Defendant's Motion to Suppress.

## Memorandum in Aid of Sentencing

    7. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted

responsibility for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year and Simple Possession of PCP. The United States recommends that the defendant be sentenced to a period of incarceration of 27 months.

8. According to the PSR, the defendant's criminal record goes back more than a decade. In total, the defendant has four previous convictions, and they include one gun and two drug convictions. The defendant has also been arrested on eleven other occasions. The defendant now stands before the Court to be sentenced for his fifth conviction. This repeated criminal behavior demonstrates that the chances of rehabilitation for the defendant are dismal.

9. It is important for this Court to note the circumstances under which the defendant was arrested. The defendant was on the streets of the District of Columbia with both a loaded handgun and PCP. The Court, unfortunately, is no doubt aware that this is a lethal combination. Indeed, there is no reason for the defendant to possess a handgun, except to use it on another person. This scenario is all the more likely given the defendant's simultaneous possession of PCP. It is also worth recalling that there were two officers that were compelled to confront the defendant, who was being non-compliant and walking in a manner of someone carrying a weapon. While this is a danger that the police are trained for and luckily nobody was injured, it cannot be simply forgotten that the police were confronting a dangerous person and, thus, were risking their lives.

10. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: As

mentioned above, the defendant has prior drug and gun convictions. Here, the defendnat was arrested for doing the exact same thing. The defendant was walking on the streets of the District of Columbia carrying both a loaded gun and a vial of PCP. This record demonstrates not only a commitment to criminal behavior on the part of the defendant, but it also reflects a terrifying willingness to combine two of the most significant dangers to our community.

(b). The seriousness of the offense and the need to promote respect for the law and punishment: The combination of drugs and guns speak for themselves in terms of seriousness. But it is also worth noting that this case arose out of a simply pedestrian contact which resulted in police officers having to place themselves in harm's way.

(c). Potential deterrence: A sentence of twenty-seven months would demonstrate to the defendant, as well as others, that there are significant consequences when firearms are possessed in connection with narcotics.

(d). Protecting the public: The record amply demonstrates the need to protect the public from the defendant's criminal behavior. Indeed, this is the defendant's third drug conviction and second gun conviction in a little more than ten years.

(e). The needs of the rehabilitative needs of the defendant: There are none. The defendant is a well-educated individual who stands before the Court with employment skills. Nonetheless, the defendant is committed to engaging in criminal behavior. The reason is simple. The defendant chooses to engage in this behavior.

    Respectfully,
    JEFFREY A. TAYLOR
    United States Attorney

    By: _____
    MICHAEL T. TRUSCOTT
    ASSISTANT UNITED STATES ATTORNEY
    Member of the New York Bar
    Federal Major Crimes Section
    United States Attorney's Office
    555 Fourth Street, N.W., Room 4237
    Washington, D.C. 20530
    Phone: (202) 514-7533
    Fax: (202) 514-6010